UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-21224-CIV-MORENO

LIVAN MARTIN DIAZ and JAVIER
FIGUEROA VILLASUSO,

    Plaintiffs,

vs.

U.S. CENTURY BANK, INTERNATIONAL
RISK RESPONSE, INC., and JOSE ANTONIO
QUIJANO,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 13)**, filed on **May 7, 2012**. Plaintiffs Livan Martin Diaz and Javier Figueroa Villasuso brought suit against Defendants U.S. Century Bank, International Risk Response, Inc., and Jose Antonio Quijano for violations of the Fair Labor Standards Act. In response, Defendant Century Bank filed a motion to dismiss, arguing that Plaintiffs have failed to offer sufficient factual support in their complaint to demonstrate that Century Bank was the Plaintiffs' "employer" under the Act. This Court agrees that Plaintiffs' complaint lacks an adequate factual basis and therefore grants the Defendant's motion to dismiss without prejudice and with leave for Plaintiffs to file an amended complaint.

### I. FACTUAL BACKGROUND

Plaintiffs Diaz and Villasuso allege that their putative employers, Defendants U.S. Century Bank, International Risk Response, and Jose Antonio Quijano, denied them proper overtime compensation for workweeks longer than forty hours. They argue that this denial was

willful and purposeful on the part of the Defendants, and was consequently unlawful under the Act.

## II. LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). Instead, plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Id.* In ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). However, this tenet does not apply to legal conclusions, and such conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Though a proper complaint "does not need detailed factual allegations," it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At a minimum, a plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## III. DISCUSSION

The Fair Labor Standards Act defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This determination is a question of law and a court must focus on the "economic realities of the individual case," looking to the "surrounding circumstances of the whole activity." *Beck v. Boce Grp., L.C.*, 391 F. Supp. 2d 1183, 1186 (S.D. Fla. 2005). As a foundational matter, a court must

ascertain "whether the plaintiff was dependent upon the putative employer." *Id.*

Additionally, the Act recognizes that "a worker can be economically dependent on, and thus jointly employed by, more than one entity at the same time." *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir.1996). The Eleventh Circuit in particular employs eight factors in analyzing whether a joint employment relationship exists: (1) the nature and degree of the putative employer's control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the right, directly or indirectly, to hire, fire, or modify the workers' employment conditions; (4) the power to determine the workers' pay rates or methods of payment; (5) the preparation of payroll and payment of workers' wages; (6) the ownership of the facilities where the work occurred; (7) whether the worker performed a line job integral to the end product; and (8) the relative investment in equipment and facilities. *Beck*, 391 F. Supp. 2d at 1187.

Furthermore, the Eleventh Circuit has provided a few underlying principles to guide the execution of this analysis. First, the question is not whether the employee is more dependent on one putative employer versus the other. *See id.* Second, no one factor is determinative. *Antenor*, 88 F.3d at 932. Third, economic dependence is the ultimate notion that must direct the court's decision. *See id.* Fourth, the absence of any one or more of the factors does not preclude a finding of joint employment. *See Beck*, 391 F. Supp. 2d at 1187. Fifth, the court should not rely on common law notions of employment, but instead should consider the economic reality of the relationship. *See Aimable v. Long & Scott Farms, Inc.*, 20 F.3d 434, 439 (11th Cir. 1994). Finally, the Act as a remedial statute should be construed broadly. *See Beck*, 391 F. Supp. 2d at 1187.

With this analysis in mind, the Court agrees with Defendant that Plaintiffs' complaint did

not offer sufficient factual foundation to establish that Century Bank was Plaintiffs' "employer" pursuant to the Act. Plaintiffs for the most part have only made very vague assertions concerning their employment relationship with Century Bank. Paragraph 16 of the complaint does state that Defendants Century Bank and International Risk Response were responsible for controlling Plaintiffs' work hours and pay, which would speak possibly to factors (1) and (4). However, the Plaintiffs have not provided anything more than those general, unsubstantiated claims. Nor does the complaint even attempt to minimally define the division of control that existed between each Defendant over Plaintiffs, leaving the extent of Century Bank's actual control over Plaintiffs to mere speculation. Moreover, the fact that Plaintiffs' work benefitted both Defendants is immaterial. The focus of the analysis is on the *employee's* dependence on the putative employer, not the other way around.

Paragraph 17 of the complaint provides the only concrete details that could support a joint employment relationship. There, the complaint mentions that Century Bank had Plaintiffs note their schedule on a sign-in sheet, which could indicate some control over the workers under factor (1). In addition, the paragraph notes that Plaintiffs worked at Century Bank's principal place of business, which stands as support for factor (6). Though a complaint should not fail due to the absence of one or more factors alone, *see Beck*, 391 F. Supp. 2d at 1187, threadbare support for those isolated factors that are presented does not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Hinging an argument on the presence of a sign-in sheet without more presents only a hypothetical claim for relief.

Plaintiffs' response to the motion to dismiss provides no shelter for the complaint either. From the outset, Plaintiffs misstate the law as to the federal pleading requirements. The Supreme

-4-

Court in *Aschroft v. Iqbal* affirmed that its holding in *Twombly* "expounded the pleading standard for 'all civil actions.'" *Iqbal*, 556 U.S. at 684. In fact, this Court has specifically applied the pleading standards of *Iqbal* and *Twombly* to the Fair Labor Standards Act context. *See, e.g., Gomez v. Kern*, No. 12-20622, 2012 U.S. Dist. LEXIS 44102, at *2–5 (S.D. Fla. Mar. 29, 2012). The fact that Plaintiffs rest their arguments on a misconception of the law does not lend credence to their case. To survive a motion to dismiss, a plaintiff must support its legal conclusions with enough factual support to state a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiffs have not met that minimum requirement in this case.

## IV. CONCLUSION

For the above reasons, it is

**ADJUDGED** that the Defendants' Motion to Dismiss is GRANTED without prejudice and with leave for Plaintiffs to file an amended complaint.

DONE AND ORDERED in Chambers at Miami, Florida, this 27th day of June, 2012.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record