UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-cv-21224-FAM

LIVAN MARTIN DIAZ et al.,

    Plaintiffs,

vs.

U.S. CENTURY BANK et al.,

    Defendants.
_____/

**DEFENDANT U.S. CENTURY BANK'S MOTION TO STAY DISCOVERY**

Defendant U.S. Century Bank moves the Court for an order staying all discovery in regard to U.S. Century Bank until after the Court rules on the Motion to Dismiss First Amended Complaint. The grounds for the motion are:

1. Plaintiffs Livan Martin Diaz and Javier Figueroa Villasuso filed this action on March 29, 2012, against Defendants U.S. Century Bank, International Risk Response, Inc. ("IRR"), and Jose Antonio Quijano. In their initial complaint, Plaintiffs alleged that Defendants—as Plaintiffs' alleged employers—failed to pay Plaintiffs overtime wages as required by the Fair Labor Standards Act.

2. On May 7, 2012, U.S. Century Bank filed a motion to dismiss Plaintiffs' initial complaint for failure to state a claim on which relief can be granted (the "First Motion"). ECF No. 13. The basis for the First Motion was that Plaintiffs failed to allege that U.S. Century Bank was their "employer" within the meaning of the Act.

3. On June 28, 2012, the Court granted the First Motion, but granted Plaintiffs leave to file an amended complaint. ECF No. 18.

4. On July 2, 2012, Plaintiffs filed a First Amended Complaint. ECF No. 19.

5. On July 19, 2012, U.S. Century Bank filed a Motion to Dismiss First Amended Complaint (the "Second Motion"). ECF No. 20. As with the First Motion, the basis for the Second Motion is that Plaintiffs have failed to allege that U.S. Century Bank was their "employer" within the meaning of the Act. The Second Motion is now fully briefed and ready for disposition.

6. Plaintiffs were entitled to one opportunity to amend their complaint. *See Williams v. Bd. of Regents of the Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) ("When the plaintiff has the right to file an amended complaint as a matter of course … the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility." (emphasis omitted)). Plaintiffs thus amended their complaint, adding factual allegations trying to show that U.S. Century Bank was Plaintiffs' "employer." But as shown in Plaintiffs' First Amended Complaint and as explained in the Second Motion and related briefing thereon, Plaintiffs have failed to do so, and there is good reason to believe that Plaintiffs would be unable ever to allege that U.S. Century Bank was their employer. That is because U.S. Century Bank was not *factually* Plaintiffs' employer within the meaning of the Act, and thus the *factual* allegations do not exist to allege otherwise. Accordingly, this action can and should be concluded—at least in regard to U.S. Century Bank—on the Court's order on the Second Motion.

7. For this reason and those that follow, discovery should be stayed against U.S. Century Bank until after the Court rules on the Second Motion:

   a. To begin with, because the Second Motion raises a facial challenge, this is precisely the kind of situation when a stay of discovery is warranted. *See*

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should … be resolved before discovery begins.").

b. Further, if the Court dismisses U.S. Century Bank from this action "before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided." *Id.* at 1368. This is especially relevant here, where the costs of discovery—even relatively minimal discovery—could easily and quickly approach the amounts in controversy. *See* Statement of Claim, ECF No. 5 (Martin Diaz's total overtime claim alleged to be $42,720; Figueroa Villasuso's total overtime claim alleged to be $34,400).

c. Last, a brief stay will not prejudice Plaintiffs or inconvenience the Court. Although Plaintiffs purport to have served Defendants IRR and Quijano (though not at the addresses listed on the summonses), *see* ECF No. 10, the Jose Antonio Quijano who actually was served wrote a letter to the Court saying he has "never met [Plaintiffs] in [his] life," ECF No. 12. It therefore appears as though Plaintiffs have served the wrong Quijano, and thus, if Plaintiffs do ultimately serve the *actual* Defendants, then Plaintiffs may seek discovery from them. Additionally, because this action is still in its early stages, a stay will not affect any deadlines.

8. The Court has the broad discretion to grant such relief. *See Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("We have constantly emphasized the broad discretion which a district judge may properly exercise in discovery matters…. [W]e see no possible abuse of discretion in the order staying general discovery ….").

WHEREFORE, U.S. Century Bank respectfully requests that the Court enter an order staying all discovery in regard to U.S. Century Bank until after the Court rules on the Second Motion.

## Certificate of Good-Faith Conference; Conferred but Unable to Resolve the Issues Presented in the Motion

In accordance with Local Rule 7.1(a)(3)(A), I certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good-faith effort to resolve the issues but has been unable to resolve the issues.

Dated: July 31, 2012

Respectfully submitted,

s/Brian W. Toth
Sanford L. Bohrer
Florida Bar No. 160643
sandy.bohrer@hklaw.com
Brian W. Toth
Florida Bar No. 57708
brian.toth@hklaw.com
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, Florida 33131
Telephone: (305) 374-8500
Fax: (305) 789-7799
Attorneys for U.S. Century Bank

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served by CM/ECF on July 31, 2012, on all counsel or parties of record on the Service List below.

s/Brian W. Toth
Brian W. Toth

## SERVICE LIST

J.H. Zidell
zabogado@aol.com
K. David Kelly
david.kelly38@rocketmail.com
Christopher Cochran
cnc02g@gmail.com
J.H. Zidell, P.A.
300 71st St., Ste. 605
Miami Beach, Florida 33141
Telephone: (305) 865-6766
Fax: (305) 865-7167
Attorney for the Plaintiffs