UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  12-21224-CIV-MORENO**

LIVAN  MARTIN  DIAZ  and  JAVIER
FIGUEROA VILLASUSO,

       Plaintiffs,

vs.

U.S.  CENTURY  BANK,  INTERNATIONAL
RISK RESPONSE, INC., and JOSE ANTONIO
QUIJANO,

       Defendants.

_____/

## ORDER DENYING DEFENDANT U.S. CENTURY BANK'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant U.S. Century Bank's Motion to Dismiss First Amended Complaint **(D.E. No. 20)**, filed on **July 19, 2012**.  Plaintiffs Livan Martin Diaz and Javier Figueroa Villasuso brought suit against Defendants U.S. Century Bank, International Risk Response, Inc., and Jose Antonio Quijano for violations of the Fair Labor Standards Act ("FLSA").  In response to Plaintiffs' amended complaint, Defendant Century Bank filed a motion to dismiss arguing that Plaintiffs have failed to offer sufficient factual support in their complaint to demonstrate that Century Bank was Plaintiffs' "employer" under the Act.  Because the Court finds that Plaintiffs have provided an adequate factual foundation in their amended complaint to allege that Century Bank was their employer, the Court denies Defendant's motion to dismiss.

### I. FACTUAL BACKGROUND

Plaintiffs Diaz and Villasuso allege that their employers, Defendants Century Bank, International Risk Response, and Quijano, denied them proper overtime compensation for

workweeks longer than forty hours.  They argue that this denial was willful and purposeful on the part of Defendants, and was therefore unlawful under the FLSA.

On June 27, this Court granted Century Bank's motion to dismiss Plaintiffs' initial complaint for failing to provide sufficient factual allegations establishing an employment relationship between Century Bank and Plaintiffs.  *See Diaz v. U.S. Century Bank*, No. 12-21224-CIV-MORENO, 2012 U.S. Dist. LEXIS 89618 (S.D. Fla. June 27, 2012).  In that complaint, Plaintiffs offered little more than recitations of the elements of joint employment under the FLSA.  The only specific allegation that they included was evidence that Century Bank required Plaintiffs to sign in and out of work each day.  *See id.* at *6.  Consequently, this Court held that Plaintiffs had failed to provide an adequate factual basis for their joint employment claim against Century Bank.

Plaintiffs filed an amended complaint on July 2 with several new paragraphs included that they claim address the joint employment relationship.  Century Bank has responded in kind with a motion to dismiss the amended complaint on the same grounds as their previous challenge.

## II. LEGAL STANDARD

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions."  *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004).  Instead, plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims."  *Id.*  In ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and assume the veracity of well-pleaded factual allegations.  *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  However, this tenet does not apply to legal conclusions, and such

conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679

(2009). Though a proper complaint "does not need detailed factual allegations," it must contain

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At a minimum, a

plaintiff must present "enough facts to state a claim to relief that is plausible on its face." *Id.* at

570.[1]

    "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. This standard is "not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id.* In other words, the

complaint must contain "enough fact to raise a reasonable expectation that discovery will reveal

evidence" of the required element. *Twombly*, 550 U.S. at 556. "And, of course, a well-pleaded

complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*,

416 U.S. 232, 236 (1974)).

---

[1] As they did with their response to the first motion to dismiss, Plaintiffs begin their present response by attempting to differentiate the heightened pleading requirements of *Twombly* and *Iqbal* from the FLSA context. Relying on language from a pre-*Iqbal* Eleventh Circuit decision, they maintain that the requirements to state a FLSA claim are "quite straightforward" in comparison to the complexity of the pleadings involved in *Twombly*. *See Sec'y of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008).

    As the Supreme Court has stressed, *Twombly* "expounded the pleading standard for '*all* civil actions.'" *Iqbal*, 556 U.S. at 684 (emphasis added). Courts in the Eleventh Circuit have affirmed this holding in FLSA cases, specifically distinguishing past contrary case law. *See, e.g., Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1370 n.3 (S.D. Fla. 2011) (noting that *Iqbal* controls despite the Eleventh Circuit's decision in *Labbe*).

### III. DISCUSSION

Century Bank argues that Plaintiffs' amended complaint once again lacks a factual foundation for establishing a joint employment relationship between Plaintiffs and Century Bank. Utilizing the Eleventh Circuit's eight-factor "economic realities" test for joint employment, Century Bank claims that most, if not all, of the factors weigh against the existence of a joint employment relationship. They contend that Plaintiffs have provided little more than general allegations that lack the necessary details to satisfy the economic realities test.

In response, Plaintiffs point to the portions of their amended complaint where they have supplemented their initial claims with additional facts speaking to the particulars of their alleged employment relationship with Century Bank. Specifically, Plaintiffs assert that they have included sufficient allegations relating to Century Bank's role in the control, supervision, and payment of Plaintiffs. Moreover, Plaintiffs contend that the fact-intensive nature of the economic realities test mandates that the Court preserve the analysis for a later stage.

Section 203(d) of the FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). This determination is a question of law and a court must focus on the "economic realities of the individual case," looking to the "surrounding circumstances of the whole activity." *Beck v. Boce Grp., L.C.*, 391 F. Supp. 2d 1183, 1186 (S.D. Fla. 2005). As a foundational matter, a court must ascertain "whether the plaintiff was dependent upon the putative employer." *Id.*

Additionally, the FLSA recognizes that "a worker can be economically dependent on, and thus jointly employed by, more than one entity at the same time." *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir.1996). The Eleventh Circuit in particular employs eight factors in

analyzing whether a joint employment relationship exists: (1) the nature and degree of the putative employer's control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the right, directly or indirectly, to hire, fire, or modify the workers' employment conditions; (4) the power to determine the workers' pay rates or methods of payment; (5) the preparation of payroll and payment of workers' wages; (6) the ownership of the facilities where the work occurred; (7) whether the worker performed a line job integral to the end product; and (8) the relative investment in equipment and facilities. *Beck*, 391 F. Supp. 2d at 1187.

Furthermore, the Eleventh Circuit has provided a few underlying principles to guide the execution of this analysis. First, the inquiry does not look to whether the employee is more dependent on one putative employer versus the other, but instead focuses on "each employment relationship as it exists between the worker and the party asserted to be a joint employer." *See Layton v. DHL Express (USA), Inc.*, No. 11-12532, 2012 U.S. App. LEXIS 13978, at *14, (11th Cir. July 9, 2012) (quoting *Antenor*, 88 F.3d at 932–33). Second, no one factor is determinative. *Antenor*, 88 F.3d at 932. Third, economic dependence is the ultimate notion that must direct the court's decision. *See id.* Fourth, the absence of any one or more of the factors does not preclude a finding of joint employment. *See Beck*, 391 F. Supp. 2d at 1187. Fifth, the court should not rely on common law notions of employment, but instead should consider the economic reality of the relationship. *See Aimable v. Long & Scott Farms, Inc.*, 20 F.3d 434, 439 (11th Cir. 1994). Finally, the FLSA as a remedial statute should be construed broadly. *See Beck*, 391 F. Supp. 2d at 1187.

At this stage, Plaintiffs have provided enough facts in their complaint to make a plausible claim that they had an employment relationship with Century Bank. Plaintiffs have offered

specific allegations that speak directly to a number of the factors utilized in the economic realities test. For instance, they have presented details on the nature of Century Bank's control over Plaintiff Villasuso under factor (1), including allegations that Linda Torres, a manager at Century Bank, "communicate[d] with [Villasuso] on a daily basis" and "instructed [Villasuso] regarding the manner in which he was expected to screen incoming customers and other persons upon entering the bank's premises." First Am. Compl. ¶ 19. Furthermore, Villasuso was required to speak to Torres in order to receive permission to end his shift, take days off, or leave work early. *See id.* ¶¶ 22–24. Finally, Villasuso could not validate his work schedules unless Torres signed them. *See id.* ¶ 18. Plaintiffs also note that they both worked solely at Century Bank's principal place of business under factor (6). Last, Plaintiffs assert that Century Bank exercised some supervision over them under factor (2), including the fact that Torres participated in meetings with Defendant Quijano, an International Risk Response corporate officer, to discuss Villasuso's performance. *See id.* ¶¶ 21, 25, 26.

When viewed in the light most favorable to Plaintiffs, the complaint does provide more than the mere formulaic recitations that they offered in their initial complaint. Although Plaintiffs do not address every factor, the economic realities test is "not determined by a mathematical formula," nor is any one factor dispositive. *Layton*, 2012 U.S. App. LEXIS 13978, at *14. Indeed, the determination of whether a joint employment relationship exists ultimately "depends on all the facts in the particular case." 29 C.F.R. § 791.2(a). Although Plaintiffs needed to provide more than labels and conclusions to survive a motion to dismiss, detailed factual allegations were not necessary. *See Twombly*, 550 U.S. at 555. An exhaustive joint employment analysis would thus be premature at this stage where Plaintiffs have submitted a

plausible claim.  Accordingly, the Court denies Century Bank's motion to dismiss.

## IV.  CONCLUSION

For the above reasons, it is

**ADJUDGED** that Defendant U.S. Century Bank's Motion to Dismiss First Amended

Complaint is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this /7 day of August, 2012.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record